UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KACIE S. LONG, | ) |
| Plaintiff, | ) Cause No.:  20-cv-1049 |
| v. | ) |
| | ) Missouri Circuit Court for St. Louis County |
| | ) Missouri Cause No.: 20SL-CC03282 |
| SCOTT MAHAN and | ) |
| OLD DOMINION FREIGHT LINE, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C § 1441, et seq., Old Dominion Freight Line, Inc., files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for St. Louis County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2. Plaintiff's Petition asserts allegations of negligence that arise out of a motor vehicle accident that occurred on June 2, 2017. (Ex. A, Plaintiff's Petition).

3. Plaintiff's Petition does not assert Plaintiff Kacie Long's state of citizenship but does state that she is a resident of Missouri. (*See* Ex. A, ¶1).

4. "Whenever federal jurisdiction in a removal case depends on complete diversity, diversity is determined from the fact of citizenship of the named parties and not from the fact of service." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121 at *1 (E.D. Mo. July 8, 2014).

5. "Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "The district court's determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." *Id.* (internal quotations omitted). In determining an individual's intent, courts consider factors such as current residence, place of employment, driver's license, voter registration, location of bank account, location of personal and real property, and payment of taxes. *Id.*

6. Plaintiff Kacie Long advised the Sunset Hills Police Department that her home address is in St. Louis County, Missouri. (Ex. B, Crash Report). Plaintiff has lived in the State of Missouri since at least 2016. (Ex. C, Voter Registration Record). Plaintiff owns personal property and pay property taxes in the State of Missouri since at least 2019. (Ex. D, Personal Property Tax History). Plaintiff is registered to vote in the State of Missouri. (Ex. C, Voter Registration Record).

7. The totality of the circumstances shown in the attached exhibits demonstrate that Plaintiff resides in the State of Missouri, pays taxes in the State of Missouri, and is registered to vote in the State of Missouri. These facts show that Plaintiff has the intent to remain in the State of Missouri indefinitely. Thus, Plaintiff is domiciled in the State of Missouri and is therefore a citizen of the State of Missouri.

8. Co-Defendant Scott Mahan resides in the State of Illinois and intends to remain in the State of Illinois. (Ex. E, Mahan Declaration). Co-Defendant Scott Mahan, therefore, is domiciled in the State of Illinois. Because Co-Defendant Scott Mahan is domiciled in the State of Illinois, he is a citizen of the State of Illinois.

9. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

10. Plaintiff has correctly plead that Defendant Old Dominion Freight Line, Inc. is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located in the State of North Carolina. (*See* Ex. A., ¶ 2) Defendant Old Dominion Freight Line, Inc.'s executive, administrative, legal, payroll, accounting, marketing, information technology and other related functions and activities occur at its headquarters in North Carolina. (Ex. F, Campbell Declaration). Because Old Dominion Freight Line, Inc. is incorporated in the State of Virginia and its principal place of business is in the State of North Carolina, Old Dominion Freight Line, Inc. is a citizen of the States of Virginia and North Carolina.

11. Plaintiff is a citizen of a state that is different than all Defendants and no defendant is a citizen of the forum state. Therefore, this is an action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. See also, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

12. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

13. The amount in controversy exceeds $75,000.00 because plaintiff has made a demand for $350,000.00. (Ex. G, Plaintiff's Demand Letter).

14. This civil action is between citizens of the States of Missouri, Illinois, Virginia, and North Carolina. Further the amount in controversy exceeds $75,000.00. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

15. Defendant Old Dominion Freight Line, Inc. was served with a summons and a copy of Plaintiff's Petition on July 13, 2020. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after service of the Summons and Petition.

16. Co-Defendant Scott Mahan consents to the removal of this case to Federal Court. (Ex. E, ¶ 4).

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3-2.07 because this action was originally filed in St. Louis County, Missouri, which is included in this Court's judicial area.

18. Attached as Exhibit H is a true and correct copy of all process, papers, exhibits, pleadings and orders filed with the state court in this action.

19. Attached as Exhibit I is the Eastern District Court of Missouri Cover Sheet.

20. Attached as Exhibit J is the Original Filing Form.

WHEREFORE, Defendant Old Dominion Freight Line, Inc. prays that the above-captioned matter be removed from the Missouri Circuit Court of St. Louis County.

> /s/ Joseph R. Swift
> Joseph R. Swift #37241
> BROWN & JAMES, P.C.
> 800 Market Street, Suite 1100
> St. Louis, Missouri  63101
> (314) 421-3400
> (314) 421-3128 (fax)
> jswift@bjpc.com
> *Attorney for Defendant Old Dominion Freight Line, Inc.*

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing pleading was sent via email on this 11th day of August, 2020, on the counsel listed below.

Emery Reusch
Todd Nissenholtz
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
T: 314.621.2005 | F: 314.621.3118
ereusch@cofmantownsley.com
tn@cofmantownsley.com
Attorneys for Plaintiff

                                                                  /s/ Joseph R. Swift

23254110.1