Electronically Filed - St Louis County - July 14, 2020 - 09:36 AM

## AFFIDAVIT OF SERVICE

| Case: 20SL-CC03282 | Court: 21ST JUDICIAL CIRCUIT COURT | County: ST LOUIS, MO | Job: 4683127 (20-SMCC-5660) |
|---|---|---|---|
| Plaintiff / Petitioner: KACIE S LONG | | Defendant / Respondent: SCOTT D MAHAN | |
| Received by: Pro Serve | | For: COFFMAN TOWNSLEY, LLP | |
| To be served upon: OLD DOMINION FREIGHT LINE, INC., c/o THE CORPORATION COMPANY | | | Court Date: |

I, Tim Moore, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** OLD DOMINION FREIGHT LINE, INC., c/o THE CORPORATION COMPANY, 120 S CENTRAL AVENUE, CLAYTON, MO 63105

**Manner of Service:** Authorized, Jul 13, 2020, 10:18 am CDT

**Documents:** SUMMONS IN CIVIL CASE, PETITION, PLAINTIFF'S FIRST SERVICE OF INTERROGATORIES (HARDCOPY AND CD) AND PLAINTIFF'S FIRST NOTICE TO PRODUCE (HARDCOPY AND CD) (Received Jul 13, 2020 at 12:00am CDT)

**Additional Comments:**
Received by BONNIE LOVE for OLD DOMINION FREIGHT LINE, INC., c/o THE CORPORATION COMPANY at 120 S CENTRAL AVENUE, CLAYTON, MO 63105

Tim Moore
329

7/13/20
Date

Subscribed and sworn to before me by the affiant who is personally known to me

Notary Public

7/13/2020
Date

2/5/21
Commission Expires

CATHY STRAUB
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 17735281
My Commission Expires Feb 5, 2021

EXHIBIT H

Electronically Filed - St Louis County - July 13, 2020 - 02:38 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KACIE S. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No: 20SL-CC03282 |
| | ) |
| SCOTT D. MAHAN and OLD DOMINION | ) Div. No.: 21 |
| FREIGHT LINE, INC., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, as permitted pursuant to Rules 57.01 and 58.01, on

July 13, 2020, Plaintiff Kacie Long served Defendant Old Dominion Freight Line, Inc. with

Plaintiff's First Set of Interrogatories Directed to Defendant Old Dominion Freight Line, Inc. and

Plaintiff's First Request for Production of Documents Directed to Defendant Old Dominion

Freight Line, Inc., and with a CD containing electronic copies of the same in Microsoft Word

format, by having the process server personally hand-deliver the same to Defendant, along with

the summons and petition in this action, at 120 S. Central Avenue, Clayton, Missouri 63105.

Respectfully submitted,

*/s/ Emery Reusch*
Emery Reusch, #65129
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
314.621.2005
314.621.3118 (facsimile)
ereusch@cofmantownsley.com

*Attorneys for Plaintiff*

Electronically Filed - St Louis County - July 13, 2020 - 02:38 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing certificate of service was filed with the Court's electronic filing system and served on all counsel of record via operation of the same, on July 13, 2020.

/s/ *Emery Reusch*



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | **Case Number: 20SL-CC03282** |
| Plaintiff/Petitioner:<br>KACIE S. LONG<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>EMERY ALTON REUSCH<br>505 NORTH 7TH STREET<br>SUITE 2010<br>ST LOUIS, MO 63101 |
| Defendant/Respondent:<br>SCOTT D. MAHAN<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:  SCOTT D. MAHAN**
              **Alias:**
**360 MARKET STREET**
**BRIGHTON, IL 62012**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    **24-JUN-2020**
    **Date**
    **Further Information:**
    **LES**

                                            Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                      Signature of Sheriff or Server

    **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
    I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                       ☐ the judge of the court of which affiant is an officer.
    *(Seal)*           ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
           ☐ authorized to administer oaths.  (use for court-appointed server)

                                                     Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| **Total** | $ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.
CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number: 20SL-CC03282 |
|---|---|
| Plaintiff/Petitioner:<br>KACIE S. LONG | Plaintiff's/Petitioner's Attorney/Address<br>EMERY ALTON REUSCH<br>505 NORTH 7TH STREET<br>SUITE 2010<br>ST LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br>SCOTT D. MAHAN | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**   OLD DOMINION FREIGHT LINE, INC.

   **Alias:**

THE CORPORATION COMPANY
120 S. CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

         You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
         SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

   24-JUN-2020
   **Date**                                                                  **Clerk**

   **Further Information:**
   LES

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

   **Must be sworn before a notary public if not served by an authorized officer:**

   Subscribed and sworn to before me on _____ (date).

*(Seal)*

   My commission expires: _____                _____
                                          Date                                       Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ ____10.00____ | |
| Mileage | $ _____ | ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**20SL-CC03282**

Electronically Filed - St Louis County - June 17, 2020 - 10:12 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

KACIE S. LONG,

    Plaintiff,

v.

SCOTT D. MAHAN,
**Serve: Scott D. Mahan**
       **360 Market Street**
       **Brighton, IL 62012**

and

OLD DOMINION FREIGHT LINE, INC.,
**Serve: The Corporation Company**
       **120 S. Central Avenue**
       **Clayton, MO 63105**

    Defendants.

Case Number:

Division:

JURY TRIAL DEMANDED

## PETITION

    Plaintiff Kacie S. Long, by and through undersigned counsel, and for her cause of action

against Defendants Old Dominion Freight Line, Inc. and Scott D. Mahan, alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

    1.    Plaintiff is an individual resident of St. Louis County, Missouri.

    2.    Defendant Old Dominion is a corporation organized and existing under the laws of

the State of Virginia, with its principal place of business located in the State of North Carolina,

and that is registered to do business and is doing business in the State of Missouri with a registered

agent located in the State of Missouri for the purpose of accepting service of process.

    3.    Defendant Mahan is an individual resident of Brighton, Illinois.

Electronically Filed - St Louis County - June 17, 2020 - 10:12 AM

4.      The Court has jurisdiction in this matter because at least one defendant can be found and served in the State of Missouri, and because both the defendants, as alleged in more detail below, committed a tort through the operation of a motor vehicle in the State of Missouri.

5.      Venue is proper in this Court pursuant to §508.010, RSMo., because this petition alleges a tort, and Plaintiff was first injured in St. Louis County, Missouri where the incident at issue occurred, as alleged in more detail below.

6.      On June 2, 2017, at approximately 9:40 p.m., Plaintiff was a passenger of the motor vehicle being operated by her husband in a northerly direction in the northbound lane of IS-270, a well-traveled road open to the public and located in St. Louis County.

7.      At said date and time, Defendant Old Dominion, by and through its agent, servant, employee, and driver, Defendant Mahan, was operating a commercial Freightliner motor vehicle traveling in a northerly direction on IS-270.

8.      As Plaintiff was continuing to travel in a northerly direction on IS-270, Defendant Old Dominion, by and through its agent, servant, employee, and driver, Defendant Mahan, caused the Freightliner motor vehicle to merge into the northbound lane of IS-270 where Plaintiff's vehicle was and strike Plaintiff's vehicle in a violent manner.

9.      The aforesaid collision caused Plaintiff to jar, jerk, and jolt in an unusual, unexpected, violent, and extraordinary manner, causing Plaintiff great physical injuries.

10.     At said date and time, Defendant Mahan was acting within the scope and course of his employment with Defendant Old Dominion.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT OLD DOMINION

11.     Plaintiff incorporates all preceding paragraphs as though fully stated herein.

Electronically Filed - St Louis County - June 17. 2020 - 10:12 AM

12.     Defendant Old Dominion, by and through its employee and agent Defendant

Mahan, owed a duty to Missouri drivers and their passengers to exercise the highest degree of care

and to operate its vehicle safely and in conformance with all applicable laws and rules governing

motor vehicle and motor carrier transportation safety.

13.     Defendant Old Dominion, by and through its employee and agent Defendant

Mahan, was careless and negligent in one or more of the following respects:

> a.     Defendant Old Dominion carelessly and negligently failed and omitted to exercise the highest degree of care to keep a careful lookout ahead and laterally to discover Plaintiff's motor vehicle;
>
> b.     Defendant Old Dominion failed to maintain its lane and crossed the white line separating the two lanes, without first making sure it was safe to do so and without yielding the right of way to Plaintiff;
>
> c.     Defendant Old Dominion carelessly and negligently failed and omitted to stop, slacken speed, turn, or swerve his motor vehicle so to avoid the collision with Plaintiff's motor vehicle, despite the fact that Defendant Old Dominion could have done so and thereby avoided the collision;
>
> d.     Defendant operated its motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the prevailing circumstances and conditions;
>
> e.     Defendant Old Dominion carelessly and negligently failed and omitted to use its blinkers or sound its horn to give warning of its approach, movement, turn, or proximity of his motor vehicle prior to the collision; and
>
> f.     Defendant Old Dominion carelessly and negligently attempted to merge when it was not safe to do so.

14.     As a direct and proximate result of the carelessness and negligence of Defendant

Old Dominion, Defendant Old Dominion's vehicle struck the driver's side of Plaintiff's vehicle,

thus causing Plaintiff to jar, jerk, and jolt in an unusual, unexpected, violent, and extraordinary

manner, causing Plaintiff great physical injuries.

15.     As a direct and proximate result of the carelessness and negligence of Defendant

Old Dominion, Plaintiff has suffered damages, including but not limited to the following:

3

Electronically Filed - St Louis County - June 17, 2020 - 10:12 AM

a.    Plaintiff sustained injuries to her neck, shoulders, back, spine, and head that required, require, and will in the future continue to require medical care and treatment;

b.    Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish;

c.    The parts of Plaintiff's body identified above have been, are, and will in the future continue to be limited, impaired and diminished, because the injuries Plaintiff suffered are permanent and progressive;

d.    Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, which has resulted in Plaintiff suffering lost wages; and

e.    Plaintiff has incurred medical expenses for medicines, doctors, x-rays, medical institutions, physical therapy, prescriptions, and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Kacie S. Long respectfully prays for judgment against Defendant Old Dominion Freight Line, Inc.in an amount in excess of $25,000.00 that is fair and reasonable, for post-judgment interest, for her costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT MAHAN

16.    Plaintiff incorporates all preceding paragraphs as though fully stated herein.

17.    Defendant Mahan owed a duty to Missouri drivers and their passengers to exercise the highest degree of care and to operate his vehicle safely and in conformance with all applicable laws and rules governing motor vehicle and motor carrier transportation safety.

18.    Despite the aforesaid duty, Defendant Mahan operated the motor vehicle carelessly and negligently in one or more of the following respects:

a.    Defendant Mahan carelessly and negligently failed and omitted to exercise the highest degree of care to keep a careful lookout ahead and laterally to discover Plaintiff's motor vehicle;

Electronically Filed - St Louis County - June 17, 2020 - 10:12 AM

b.  Defendant Mahan failed to maintain his lane and crossed the white line separating the two lanes without first making sure it was safe to do so and without yielding the right of way to Plaintiff;

c.  Defendant Mahan carelessly and negligently failed and omitted to stop, slacken speed, turn, or swerve his motor vehicle so to avoid the collision with Plaintiff's motor vehicle, despite the fact that Defendant Mahan could have done so and thereby avoided the collision;

d.  Defendant Mahan operated his motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the prevailing circumstances and conditions;

e.  Defendant Mahan carelessly and negligently failed and omitted to use his blinkers or sound his horn to give warning of the approach, movement, turn, or proximity of his motor vehicle prior to the collision; and

f.  Defendant Mahan carelessly and negligently attempted to merge when it was not safe to do so.

19.  As a direct and proximate result of the carelessness and negligence of Defendant Mahan, his vehicle struck the driver's side of Plaintiff's vehicle, thus causing Plaintiff to jar, jerk, and jolt in an unusual, unexpected, violent, and extraordinary manner, causing Plaintiff great physical injuries.

20.  As a direct and proximate result of the carelessness and negligence of Defendant Mahan, Plaintiff has suffered damages, including but not limited to the following:

a.  Plaintiff sustained injuries to her neck, shoulders, back, spine, and head that required, require, and will in the future continue to require medical care and treatment;

b.  Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish;

c.  The parts of Plaintiff's body mentioned above have been, are, and will in the future continue to be limited, impaired and diminished, because the injuries Plaintiff suffered are permanent and progressive;

d.  Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, which has resulted in Plaintiff suffering lost wages; and

e.  Plaintiff has incurred medical expenses for medicines, doctors, x-rays,

medical institutions, physical therapy, prescriptions, and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Kacie S. Long respectfully prays for judgment against Defendant Scott D. Mahan in an amount in excess of $25,000.00 that is fair and reasonable, for post-judgment interest, for her costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## COUNT III – NEGLIGENT HIRING
## AND RETENTION AGAINST DEFENDANT OLD DOMINION

21.    Plaintiff incorporates all preceding paragraphs as though fully stated herein.

22.    Prior to being hired by Defendant Old Dominion, Defendant Mahan demonstrated dangerous proclivities in the way he operated motor vehicles.

23.    Defendant Old Dominion hired Defendant Mahan when it knew, or through the exercise of ordinary care, could have known of Defendant Mahan's dangerous proclivities; Defendant Old Dominion was thereby negligent.

24.    Defendant Old Dominion was further negligent in continuing to retain Defendant Mahan when it knew or, through the exercise of ordinary care, could have known of Defendant Mahan's dangerous proclivities.

25.    Defendant Mahan's actions on June 2, 2017, which led to him striking Plaintiff's vehicle, were consistent with Defendant Mahan's dangerous proclivities.

26.    The negligence of Defendant Old Dominion in this regard proximately caused Plaintiff's injuries.

27.    As a direct and proximate result of the carelessness and negligence of Defendant Old Dominion, Plaintiff has suffered damages, including but not limited to the following:

a.    Plaintiff sustained injuries to her neck, shoulders, back, spine, and head that

Electronically Filed - St Louis County - June 17, 2020 - 10:12 AM

required, require, and will in the future continue to require medical care and treatment;

b.  Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish;

c.  The parts of Plaintiff's body mentioned above have been, are, and will in the future continue to be limited, impaired and diminished, because the injuries Plaintiff suffered are permanent and progressive;

d.  Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, which has resulted in Plaintiff suffering lost wages; and

e.  Plaintiff has incurred medical expenses for medicines, doctors, x-rays, medical institutions, physical therapy, prescriptions, and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Kacie S. Long respectfully prays for judgment against Defendant Old Dominion in an amount in excess of $25,000.00 that is fair and reasonable, for post-judgment interest, for her costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

COFMAN TOWNSLEY, LLP

__ /s/ Emery Reusch __ __ __
Emery Reusch, #65129
Todd Nissenholtz, #55049
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
T: 314.621.2005 | F: 314.621.3118
ereusch@cofmantownsley.com
tn@cofmantownsley.com

Attorneys for Plaintiff Kacie Long

**20SL-CC03282**

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

KACIE S. LONG
Plaintiff/Petitioner

June 17, 2020
Date

Case Number

vs.

SCOTT D. MAHAN et al.
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  KACIE S. LONG                                                    , pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 PROSERVE        6614 CLAYTON ROAD, #311, ST. LOUIS, MISSOURI 63117        314-961-2222
Name of Process Server                 Address                                        Telephone

Name of Process Server                 Address or in the Alternative                  Telephone

Name of Process Server                 Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
 SCOTT D. MAHAN
Name                                                Name
 360 MARKET STREET
Address                                             Address
 BRIGHTON, IL 62012
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:
 OLD DOMINION FREIGHT LINE, INC. via THE CORPORATION COMPANY
Name                                                Name
 120 S. CENTRAL AVENUE
Address                                             Address
 CLAYTON, MO 63105
City/State/Zip                                      City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                   /s/ EMERY A. REUSCH
                                                    Signature of Attorney/Plaintiff/Petitioner
                                                     65129
                                                    Bar No.
By                                                   200 S. HANLEY RD, SUITE 1070
   Deputy Clerk                                     Address
                                                     (314) 621-2005        (314) 621-3118
                                                    Phone No.                        Fax No.
Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - June 17, 2020 - 10:12 AM

Electronically Filed - St. Louis County - June 17, 2020 - 10:12 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

I certify and attest that the above is a true copy of the original record of the Court in case number _20 SL-CC 03282_ as it appears on file in my office.

Issued

_07-21-2020_

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By _LaShonde Matthews_

Deputy Clerk

CCOPR36   Rev. 06/00