#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | |
|---|---|
| KACIE LONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-CV-01049 |
| SCOTT MAHAN, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File Third-Party Complaint Against Alfred Long. (Doc. 24). Plaintiff has filed an opposition (Doc. 27), and Defendants have filed a reply (Doc. 30).

**I.   BACKGROUND**

On June 17, 2020, Plaintiff Kacie S. Long filed this case in the Circuit Court of St. Louis County, Missouri, against Defendant Scott D. Mahan and Defendant Old Dominion Freight Line. (Doc. 1-1). Plaintiff alleged that on June 2, 2017, she was a passenger in a motor vehicle being operated by her husband when their vehicle was struck by a vehicle being driven by Defendant Mahan in the scope of his employment with Defendant Old Dominion. Plaintiff asserts that she was injured in this collision. Plaintiff asserted one count of negligence against Defendant Old Dominion, one count of negligence against Defendant Mahan, and one count of negligent hiring against Defendant Old Dominion.

On August 11, 2020, Defendants removed this case to this Court based on this Court's diversity jurisdiction. On September 15, 2020, the Court entered a Case Management Order setting a November 16, 2020 deadline for motions for joinder of additional parties or amendment of

pleadings. (Doc. 19). On November 13, 2020, the parties filed a joint motion to extend that deadline to December 23, 2020, stating that they needed to complete initial party depositions and further discovery prior to determining whether a motion for joinder of additional parties or amendment of pleadings was necessary. On November 16, 2020, the Court granted that motion. (Doc. 20).

In the instant motion, Defendants seek leave to file a third-party complaint against Alfred Long for contribution, and they attach a proposed third-party complaint to their motion. Defendants allege that Mr. Long was the driver of the car in which Plaintiff was riding at the time of the collision and that Plaintiff's injuries, if any, were proximately caused by Mr. Long.

## II.   LEGAL STANDARD

Under Rule 14 of the Federal Rules of Civil Procedure, a defendant may implead a third party who is, or may be, liable to the defendant for all or part of the plaintiff's claim. It provides, in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quoting *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)). "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Id.* "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in

one suit." *American Zurich Insurance Co. v. Cooper Tire & Rubber Co.*, 512 F .3d. 800, 805 (6th Cir. 2008).

"The right to implead third parties is not automatic and the decision to permit impleader rests within the sound discretion of the trial court." *Nestle Purina PetCare Co. v. Blue Buffalo Co.*, No. 4:14 CV 859 RWS, 2015 WL 5226462, at *3 (E.D. Mo. Sept. 8, 2015) (citing *City of St. Louis v. Cernicek*, et al., No. 4:00-CV-1895, 2001 WL 34134733, at *3 (E.D. Mo. Sept.25, 2001)). "In determining whether impleader is appropriate, a district court must balance the benefits derived from impleader—the benefits of settling related matters in one suit—against possible prejudice to the plaintiffs and the third party defendants, the complication of issues at trial, the merit of the third-party complaint, and any additional expense that would be incurred by the parties." *Id.*

### III.  DISCUSSION

In their motion, Defendants argue that the Court should grant leave for them to file a third-party complaint against Mr. Long because Missouri law allows for contribution between tortfeasors and because if Plaintiff is successful in its claims against Defendants, Defendants are entitled to contribution from Mr. Long in an amount commensurate with his fault. Defendants argue that they will be prejudiced if the Court does not grant this motion, because Long appears to be the sole or significant cause of Plaintiff's alleged damages, and Defendants are therefore entitled to a reduction of any judgment entered against them in relative proportion to the fault attributed to Long.

In her opposition, Plaintiff does not dispute that Missouri law allows for contribution between tortfeasors or that Defendants might be entitled to contribution from Mr. Long. Instead, she argues that the motion should be denied because of Defendants' delay and bad-faith actions throughout this litigation and because of the prejudice she will suffer if the motion is granted.

Plaintiff first argues that Defendants have thus far not complied with their obligations under the Federal Rules of Civil Procedure and that their attempt to bring in Mr. Long is a bad-faith attempt to delay resolution of the lawsuit. She asserts that Defendants have failed to answer written discovery; have lodged frivolous discovery objections; have not taken Plaintiff's deposition despite numerous dates having been offered; and have not produced either defendant for deposition, despite numerous dates having been offered. She also argues that Defendants have known for years that they would attempt to assert Mr. Long's negligence, yet waited until now to attempt to bring a claim against him. She points out that Mr. Long previously brought a lawsuit against Defendants in 2018, and in answering that lawsuit, Defendants asserted Mr. Long's own negligence in causing the crash and took his deposition.

Plaintiff also suggests that Defendants made misrepresentations to secure her agreement to the deadline extension that makes this motion timely. Plaintiff notes that at the Rule 16 Conference, the parties agreed on a deadline of November 16, 2020 for filing motions to join additional parties. She asserts that Defendants knew at that time that they intended to make a claim against Mr. Long, but they delayed. Plaintiff also asserts that she only consented to the extension on the express condition that defense counsel agree to produce Defendants for depositions by that date, and she attaches emails to support that assertion. Plaintiff asserts that despite these assurances, Defendants have not been made available for depositions, despite multiple requests by Plaintiff's counsel.

Finally, Plaintiff argues that granting Defendants' motion will prejudice Plaintiff by returning the parties to the starting line after Plaintiff has already diligently responded to discovery, offered numerous dates for depositions, and disclosed her experts.

In Defendants' reply, Defendants assert that there was no delay, and certainly no

prejudicial delay. Defendants argue that Plaintiff served her interrogatory answers on October 30, 2020, and in those answers she first confirmed that she had not received any settlement funds from anyone arising from this accident. Defendants argue that under Missouri law, if Plaintiff had received any settlement funds from the driver of the vehicle she was riding in, then any contribution claims against Mr. Long would have been barred pursuant to Mo. Rev. Stat. § 537.060. Defendants argue that only after receiving those interrogatory answers could Defendants confirm that they had a viable contribution claim against Mr. Long, and this motion was filed only 54 days after they received those interrogatory answers. Defendants also point out that their motion was filed within the deadline set by the Court for filing such motions. Defendants also argue that Plaintiffs were not prejudiced by any delay. They note that Plaintiff herself waited over 60 days from the Rule 16 conference to serve written discovery and that the motion was filed within the agreed-upon deadline. Finally, Defendants also argue that the discovery issues cited by Plaintiff are not relevant to this motion.

After careful consideration of the parties' arguments, the Court concludes that Defendants' motion should be granted. Although the discovery issues addressed by Plaintiff are troubling and are relevant to Plaintiff's separately-filed motion to compel, they are largely irrelevant to the question of whether Defendants should be permitted to bring a third-party complaint against Mr. Long. There appears to be no dispute that Defendants have a potential contribution claim against Mr. Long and that impleader is proper under Rule 14(a). Moreover, impleader of Mr. Long serves the purpose of Rule 14, which is "to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Insurance Co.*, 512 F.3d.at 805. Because the central questions of what happened during the

accident and whose conduct caused Plaintiff's injuries are central to both Plaintiff's claims and Defendants' contribution claims, there is a substantial efficiency advantage to determining these issues in a single proceeding. The Court does not see any significant complication of issues or prejudice to Mr. Long associated with resolving these matters in a single lawsuit. Finally, given that Defendants' motion was timely filed under the deadline agreed to by Plaintiff and given that this case is still in its early stages, the Court finds that Plaintiff will be minimally prejudiced, if at all, by the granting of this motion.

### IV. CONCLUSION

For all of the above reasons, Defendants' Motion for Leave to File Third-Party Complaint Against Alfred Long (Doc. 24) is **GRANTED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of February, 2021.